IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT II,

                Plaintiff,

  v.

STATE OF WISCONSIN, DEPT. HEALTH &
SERVICE, SAND RIDGE SECURE TREATMENT       OPINION & ORDER
CENTER, DEBORAH MCCULLOCH,
ROBERT KNEEPKENS, SARAH STUCKEY,               14-cv-427-jdp
KRIST RICK, MARK SPEES,
JEFF HRUSKA, VALERIE LITTY, ROSE GRIFFA,
PAULA GILES, ROBERT GUNN,
and JOHN JOE DEFENDANTS 1-130,

                Defendants.

---

CARL C. GILBERT II,

                Plaintiff,

  v.

STATE OF DEPARTMENT OF
HEALTH SERVICES (SECRETARY),               OPINION & ORDER
DEBORAH MCCULLOCH, KAY MORSE,
ROBERT KNEEPHKENS, STEVE SCHNIEDER,        14-cv-466-jdp
JEFFREY HRUSKA, MARK SPEES, ROBERT GUNN,
KEITH RAMSEY, JASON SMITH,
and JOHN DOE DEFENDANTS 1-160,

                Defendants.

---

      Pro se plaintiff Carl C. Gilbert II, a civil detainee confined at the Sand Ridge Secure Treatment Center, located in Mauston, Wisconsin, has filed these proposed civil actions under 42 U.S.C. § 1983 alleging that Sand Ridge staff members have violated his constitutional rights in several ways, including unlawfully holding him at the facility, placing false information in his sex-offender treatment notes to ensure he could not progress in his

treatment, failing to treat his medical problems, and failing to protect him from assaults by another patient.

I dismissed plaintiff's original complaints in these actions because they did not comply with Federal Rules of Civil Procedure 8 and 20. In particular, plaintiff failed to identify which of the many defendants identified in the captions actually directly took the actions that plaintiff claims harmed him (he included several named defendants and 130 John Doe defendants in case no. 14-cv-427-jdp and several named defendants and 160 Doe defendants in case no. 14-cv-466-jdp). He also joined together many seemingly unrelated claims. I explained to plaintiff how to amend his complaints, and gave him a chance to submit an amended complaint in each case.

Plaintiff responded by filing a combined complaint continuing to have most of the problems plaguing his original pleadings. I explained those problems as follows:

> Plaintiff names over 20 individuals in the caption but also appears to continue to bring claims against over 100 "John Doe" officials. In the previous order, I suggested that plaintiff "draft his amended complaints as if he were telling a story to people who know nothing about his situation," Dkt. 26, at 5, but instead, plaintiff summarizes his various problems and lists the names of several defendants, rather than explaining what each defendant did that he believes violated his rights. He also refers to exhibits such as progress notes, but he did not submit those records. Even if plaintiff had submitted medical records as exhibits, it is highly unlikely that this court would be able to sift through those documents to understand how each defendant was involved in the alleged wrongdoing.

Dkt. 42, at 3.[1] I told plaintiff that "he should not combine all of his claims in one complaint. He has two open cases, so he should split his claims between the two." *Id*. at 4. I also denied plaintiff's motion for assistance in recruiting him counsel because plaintiff had not submitted

---

[1] All docket references are to case no. 14-cv-427-jdp.

recent letters indicating that lawyers will not take his cases, and because I was not convinced that plaintiff needed help to file complaints that complied with the Federal Rules of Civil Procedure.

Plaintiff failed to respond by the deadline I set for him to file an amended complaint or otherwise respond to my order, so I dismissed both cases. About three weeks later, plaintiff submitted a proposed amended complaint, motion for reconsideration of the dismissal of his actions, motion for extension of time to file his amended complaint, and renewed request for the assistance of counsel.

Plaintiff states that he did not meet the deadline for submitting amended complaints because of mailing problems, Sand Ridge staff's interference, and his inability to obtain a legal loan. Plaintiff's amended complaint was filed close enough in time to the expired deadline that I would consider reopening his cases if he had fixed the various problems with his pleadings outlined above. But because his new pleading suffers from the same problems as his previous ones, there is no reason to consider reopening the cases.

Plaintiff has again combined all of his allegations into one complaint even though he has filed two cases. He names more than 20 individual defendants and 40 John and Jane Does, which is a slight improvement from his previous complaints. But he still combines several different types of claims together, such as that he is being illegally held at Sand Ridge, that he is being threatened by other patients at Sand Ridge, that he is receiving racially discriminatory disciplinary reports, that his medical needs are not being treated, and that he is being barred from purchasing media of his choice. He also continues to explain in only conclusory fashion how each of the defendants are involved in each of those violations, and

there is no reason to think that each of his separate claims may be brought together under Rules 18 and 20 in the two cases he has filed.

As for his renewed request for the assistance of counsel, plaintiff makes only a cursory request at the end of his motion for reconsideration of dismissal, and he continues to fail to demonstrate whether he has asked outside attorneys to represent him with these cases. There is also little reason to think that he genuinely needs counsel to fill out a comprehensible complaint. Outside of his complaints, plaintiff's filings have been understandable and logical. His main problem is that he has stuffed several lawsuits worth of claims into his two here. Yet he has failed to make any real attempt at fixing these problems or following my directions, such as by breaking his allegations into two parts corresponding to the two above-captioned case numbers. Plaintiff's reluctance to simplify his complaint to comply with the Federal Rules of Civil Procedure is not reason to grant him counsel. Going forward, plaintiff remains free to file a brand new case containing *one* of the several types of claims he attempts to bring here, but I will not reopen these cases.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of the court's dismissal of these cases, Dkt. 46, is DENIED. All of plaintiff's other pending motions are also DISMISSED.

Entered August 15, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge